**250**

John Russell DURST, Plaintiff,

v.

Olin NEWBY, Defendant.

No. CV187–193.

United States District Court,
S.D. Georgia,
Augusta Division.

May 19, 1988.

Sam G. Nicholson, Augusta, Ga., for plaintiff.

David H. Hanks, Fulcher, Hagler, Reed, Obenshain, Hanks & Harper, Augusta, Ga., Wilbur A. Orr, Washington, Ga., for defendant.

## ORDER

EDENFIELD, District Judge.

Before the Court is defendant's motion for summary judgment. For reasons set forth below, the Court finds that the question of possession and control of the unidentified black cow presents a genuine issue of material fact, and that defendant is, therefore, not entitled to judgment as a matter of law.

## I. BACKGROUND

On the night of April 29, 1987, plaintiff John Russell Durst was driving a tractor-trailer west on Georgia Highway # 47 in Wilkes County. Plaintiff Durst was travelling to a gas station in Washington, Georgia, for a planned delivery of gasoline, and his tractor-trailer contained a full load of fuel.

At or around 11:35 p.m., the plaintiff's tractor-trailer, not equipped with a cow catcher, collided with a bovine standing completely in the roadway—a pensive all-black heifer oblivious to its fate. The plaintiff lost control of his truck, which rolled for about 200 feet, overturned into a ditch, and exploded. Because the gas stored in the truck was divided into compartments, the accident resulted in a series of smaller explosions rather than one cataclysmic eruption; thus, the plaintiff, though seriously injured, was able to escape from the tractor-trailer before it was consumed in flames. The pensive Angus was less fortunate.

Defendant Olin Newby owned approximately 145 acres of land adjacent to Georgia Highway # 47, including the land bordering the road at the point of impact between the tractor-trailer and the cow. It is undisputed that the defendant pastured Angus and Chi–Angus cows on the entirety

of this land. He had approximately thirty-two cows pastured there at the time of the accident, all solid black in color.

The black cow was killed on impact and thrown upon the land of the Smiths, defendant Newby's neighbors. Inspection of the dead cow revealed no definitive identification markings. It is apparently not the practice of the defendant or other cattle owners in the area to mark or identify their cows in any way.

Despite this inability to positively identify the cow, the plaintiff alleges that the defendant owned and controlled her. This allegation is based on the opinions of several neighbors as well as an insurance examiner, which in turn are based on the appearance of the dead animal, the location of the accident, the condition of the defendant's fence, and the fact that the defendant's cows had strayed beyond his land on several earlier occasions (according to one neighbor as recently as one month prior to the accident).

Though defendant Newby never saw the dead cow, he deposes that she could not have been one of the cows pastured on his land, because he counted his cows before the accident and again the morning after the accident, noting the same number of cows both times.

The defendant contends that depositions expressing opinions based on circumstantial evidence cannot, as a matter of law, be sufficient to overcome his undisputed testimony regarding the counting of his cows.[1] He thus moves for summary judgment.

## II. SUMMARY JUDGMENT

As the party seeking summary judgment, the defendant "bears the exacting burden of demonstrating that there is no dispute as to any material fact in the case." *Warrior Tombigbee Transp. v. M/V Nan Fung,* 695 F.2d 1294, 1296 (11th Cir.1983). All reasonable doubts about the facts are to be resolved in favor of the non-movant. Moreover, if the record presents factual issues, the Court must not decide them; it must deny the motion and proceed to trial. *Clemons v. Dougherty County,* 684 F.2d 1365, 1369 (11th Cir.1982).

## III. ANALYSIS

The defendant avers that the unlucky beast could not have been his. The question presented is whether opinion testimony that the cow was the defendant's is sufficient to establish a genuine issue of material fact.

The effect to be given opinion evidence offered in opposition to a motion for summary judgment depends on the admissibility of that evidence at trial. If the offered evidence would be admissible at trial, the plaintiff has met his burden, and summary judgment should be denied. *Elliott v. Massachusetts Mutual Life Insurance Company,* 388 F.2d 362, 366 (5th Cir.1968). Thus, the dispositive issue on this motion is essentially evidentiary, governed by the Federal Rules of Evidence. Fed.R.Evid. 101.

If a witness is not testifying as an expert, his testimony in the form of opinion or inference is admissible only if it is rationally based on the witness's perceptions and it is helpful to either a clear understanding of the witness's testimony or the determination of a fact in issue. Fed.R. Evid. 701.

 The depositions of Christine Smith, John B. Smith, and George Gibson, all of which express the opinion that the unidentified cow was one pastured on the defendant's land, meet the requirements of Rule 701 and are, therefore, admissible. The opinion of Christine Smith, the defendant's neighbor, was based on her direct perception of the dead cow as a solid black, hornless, well-fed and well-cared-for specimen, and her knowledge, also based on direct perception, that the only solid black cows in the area with that well-fed appearance were those pastured on the defendant's land. John B. Smith also viewed the

---

1. The defendant additionally asserts that if the cow did come from his land, he is still not responsible because the cows on his land are owned by his son. Even if this is true, however, it is not disputed that the cows pastured on the defendant's land are under his possession and control, and possession and control are the relevant considerations.

dead cow, and his opinion was similarly based on the appearance and condition of that cow combined with his general knowledge of cows pastured in the area. George Gibson is an insurance adjuster whose job includes the investigation of collisions. Mr. Gibson's opinion that the cow came from the defendant's land was based on his perceptions of the physical condition of the defendant's fence. The fence between the defendant's pasture and the road had been pushed down at one spot. On the fence wire at that spot was black hair which was the same type of hair found at the point of impact, a short distance away. These opinions are rationally based on the deponents' perceptions, and are helpful to a determination of the ownership and control of the cow, a material fact in dispute.[2] As such, they are admissible under Rule 701, and are sufficient to raise a genuine issue of material fact regarding responsibility for the cow. Thus, summary judgment is not appropriate.

CONCLUSION

For the foregoing reasons, the defendant's motion for summary judgment is DENIED.

SO ORDERED.

---

**2.** Both parties have discussed the admissibility of evidence regarding prior wanderings of defendant Newby's cows. The defendant contends this evidence is inadmissible character evidence, mistakenly relying on a Georgia statute analogous to Fed.R.Evid. 404. The plaintiff asserts the admissibility of such evidence as an exception within the scope of Rule 404(b). Only the opinion of one neighbor, Henry Strother, is primarily based on prior cattle escapes, however, and the plaintiff has sufficiently established the existence of a genuine issue of material fact without Mr. Strother's deposition. Therefore, this question need not be decided here. The Court notes, however, that evidence regarding a cow's character is probably not rendered inadmissible by Rule 404 because the rule refers to "evidence of a *person's* character." Rather, the wanderlust of cows is simply a relevant fact not relating to the character of a party or witness.